IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EMPLOYERS INSURANCE OF WAUSAU,
f/d/a EMPLOYERS INSURANCE OF WAUSAU
A MUTUAL COMPANY,

       Plaintiff,       OPINION AND ORDER

 v.

                    15-cv-226-wmc

CONTINENTAL CASUALTY COMPANY,

       Defendant.

Plaintiff Employers Insurance of Wausau ("Wausau") and defendant Continental Casualty Company ("CNA") are parties to a series of reinsurance treaties, each containing an arbitration clause. The arbitration clauses are identical, and provide in pertinent part:

> [I]f any dispute shall arise between [the parties] with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether such dispute arises before or after termination of this Agreement, such dispute, upon written request of either party, shall be submitted to three arbitrators.

(*See, e.g.*, Fortescue Aff., Ex. 1 (dkt. #8-1) p.12.) The arbitration clause declares that the arbitration shall be "final and binding on both parties." (*Id.*) In 2002, the parties disputed whether the reinsurance treaties covered a 1998 settlement with Combustion Engineering, Inc., the originally insured party. (Dotseth Aff., Ex. 4 (dkt. #2-4).) Wausau and CNA arbitrated the dispute and received a final order in 2004 ("2004 Arbitration"). (*Id.*, Ex. 6 (dkt. #2-6).) The 2004 Arbitration final order was confirmed by this court on September 10, 2004. (*Id.*, Ex. 10 (dkt. #2-10).)

The parties' current dispute stems from the same reinsurance treaties as the 2004 Arbitration.  On February 13, 2015, CNA demanded arbitration from Wausau for unpaid billings with respect to an asbestos insurance claim by Combustion Engineering. (Fortescue Aff., Ex. 4 (dkt. #8-4).)  On April 8, 2015, Wausau's attorneys responded with a letter stating that the matters, for which CNA demanded arbitration, had been arbitrated to a final order in the 2004 Arbitration.  (*Id.*, Ex. 5 (dkt. #8-5).)

On April 14, 2015, Wausau filed this civil action seeking a declaration that CNA is precluded from attempting to re-arbitrate the final decision of a previous arbitration, as well as an injunction barring defendant from attempting to re-arbitrate in the future. (Compl. (dkt. #1).)  In opposition, CNA moves the court to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief may be given, and to compel arbitration.  (Mot. to Dismiss (dkt. #7).)  For the reasons stated below, the court will grant defendant's motion to compel arbitration and will dismiss this case.

OPINION[1]

There is a long recognized presumption in favor of arbitration; "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).  Therefore, "an order to arbitrate the particular grievance should not be denied unless it may be said

---

[1] This court has jurisdiction based on diversity of citizenship:  Wausau is a Wisconsin corporation with its principal place of business in Wausau; CNA is an Illinois corporation with its principal place of business in Chicago; and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs. v. Commc'ns. Workers of Am.*, 475 U.S. 643 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

There is a recognized, if narrow, exception to the presumption of arbitration for questions of "whether parties have submitted a particular dispute to arbitration," also referred to as a "question of arbitrability." *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002). Because "arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," *id.* (quoting *Warrior & Gulf Navigation Co.*, 363 U.S. at 582, the "'question of arbitrability' is 'an issue for judicial determination unless the parties have clearly and unmistakably provide[d] otherwise.'" *Id.* (quoting *AT&T Techs.*, 475 U.S. at 649). Even so, this question is limited in scope to "the kind of narrow circumstances where contracting parties would likely have expected a court to have decided the gateway matter." *Id.* at 84-85. The "question of arbitrability" is "not applicable in other kinds of general circumstance where parties would likely expect that an arbitrator would decide the gateway matter." *Howsam*, 557 U.S. at 83. For example, issues of waiver, delay, defenses to arbitrability, time limits, notice, laches, estoppel and conditions precedent for arbitration are all matters for an arbitrator to decide, not the court. *Id*; *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

This case turns, therefore, on whether the parties' recent billings dispute amounts to a "gateway matter" for this court or a matter the parties had agreed would be decided

by an arbitrator.  Not surprisingly, Wausau maintains that the billings are improper "rebillings" already resolved in the 2004 Arbitration, which it is now entitled to be enforced in court, while CNA contends that the billings are part of a new and different dispute and, therefore, is subject to arbitration.  Unfortunately for Wausau, however, this dispute is subject to arbitration under either characterization.

Certainly, if the dispute is new, as CNA contends, then it must be arbitrated under the parties' applicable reinsurance treaties.  *See Zurich Am. Ins. Co. v. Watts Indus.*, 466 F.3d 577, 580 (7th Cir. 2006) (explaining that a court must compel arbitration under the Federal Arbitration Act where: (1) a valid agreement exists; (2) the dispute falls within the scope of that agreement; and (3) a party has refused to proceed to arbitration in accordance with the arbitration agreement); *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004); *Ineman v. Kohl's Corp.*, No. 14-cv-398-wmc, 2015 WL 1399052, at *9-10 (W.D. Wis. Mar. 26, 2015).  The arbitration clauses here all state that "if *any dispute* shall arise . . . with reference to the interpretation of this Agreement . . . [it] shall be submitted to three arbitrators."  (Dotseth Aff., Ex. #4-1 (dkt. #4) (emphasis added).)  This language unquestionably includes new disputes between the parties arising under the reinsurance treaties, which require arbitration of any dispute, not just an "original" dispute.

Wausau does not even dispute this much; instead, Wausau only argues that it is not contractually bound to "re-arbitrate" a dispute already the subject of a final resolution in arbitration.  More specifically, Wausau argues that since this court is the proper forum to declare the 2004 Arbitration decision "final and binding upon the

4

parties," this court is also the proper forum to decide if CNA is now improperly billing Wausau in violation of that final decision.  In the end, however, this argument is more semantics than it is substance.  This is because whether CNA is or is not in compliance with the 2004 final order is *itself* a dispute arising "with reference to the interpretation of this Agreement or [the] rights with respect to any transaction involved."  In essence, even as recast by Wausau, this court is being asked to determine how the 2004 final order should be treated in future arbitration disputes.  That is not for the court to decide.

The law is clear that *arbitrators* must determine in the first instance how a previous arbitration award affects a current dispute.  *Howsam*, 537 U.S. at 84-85 (stating that issues of procedural arbitrability are for the arbitrator to decide); s*ee also Trustmark Ins. Co. v. John Hancock Life Ins. Co.*, 631 F.3d 869, 874 (7th Cir. 2011) (citations omitted) ("Arbitrators are entitled to decide for themselves those procedural questions that arise on the way to a final disposition, including the preclusive effect (if any) of an earlier award."); *Consol. Coal Co. v. United Mine Workers of Am., Dist. 12,* 213 F.3d 404, 407 (7th Cir. 2000) ("[W]hether they do so or not, the question of the preclusive force of the first arbitration is, like any other defense, itself an issue for subsequent arbitrator to decide.").  Similarly, arbitrators, not the court, must decide whether CNA has waived the right to arbitrate this issue or whether Wausau has a defense to arbitrability.  *Id*. at 84 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25).  Accordingly, arbitrators must decide what, if any, effect the 2004 Arbitration decision has on the parties' current and future disputes.

The facts here are materially different from those in *Federated Rural Electrical*

*Insurance Exchange v. National Mutual Insurance Company*, 134 F. Supp. 2d 923 (S.D. Ohio 2001), notwithstanding Wausau's assertion to the contrary, particularly with respect to the subject of the respective arbitrations. In that case, as with the parties here, Federated and Nationwide had a series of reinsurance treaties, which were subject to final and binding arbitration. *Id*. at 925. Unlike here, after a favorable arbitration to Federated, Nationwide demanded arbitration to "review and reverse" the 1996 arbitration. *Id*. at 926. Not surprisingly, given Nationwide's characterization of the dispute, the *Federated* court rejected a request to "review and reverse" the 1996 action as an attempt to re-arbitrate the arbitrator's final order. *Id.* at 928.

In this case, CNA is not attempting to "review and reverse," nor even to "re-arbitrate" the 2004 Arbitration, nor could it. CNA seeks to recover unpaid billings that, it contends rightly or wrongly, are a "new and different dispute between the parties that was not resolved or part of the prior arbitration (or the prior award)." (Mot. to Dismiss (dkt. #7) 4 n.2.) CNA must live with the law established by that arbitration. Perhaps even more importantly than the difference in the relief sought in *Federated Rural*, that court recognized it was the role of the *arbitrator* to determine the preclusive effect of the earlier arbitration on subsequent, separate arbitrations. *Federated Rural Elec. Ins. Exch.*, 134 F. Supp. 2d at 928.

Wausau is correct that arbitration is a "matter of consent, not coercion." *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 486, 479 (1989). Here, however, Wausau has consented -- numerous times -- to having arbitrators decide disputes under the reinsurance treaties. Therefore, ordering arbitration is not coercion.

Wausau also consented to a *broad* arbitration provision within the reinsurance treaties. Additionally, Wausau consented to resolving the 2004 dispute through arbitration, which resulted in the 2004 Arbitration Order. (Compl. (dkt. #1) ¶ 16.)  Because of Wausau's prior consent to the 2004 Arbitration, Wausau has already consented to allowing arbitrators to determine whether the 2004 Arbitration final order is being followed properly.

In compelling arbitration, the court is *not* declaring that the dispute is entitled to a new arbitration or even a re-arbitration of the 2004 Final Order.  Far from it.  The court is simply concluding that along with any other disputes between the parties arising under their reinsurance treaties, the *arbitrators* should decide if this is a new dispute -- and if so, the preclusive effect, if any, of the 2004 Arbitration on CNA's argument -- or if the 2004 Final Order is being violated by CNA in improperly billing as Wausau argues.

Having granted the motion to compel, the next determination is whether the court should stay this matter pending arbitration or dismiss the action.   The Federal Arbitration Act instructs a court to stay trial of an action "until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3 (2012).  Therefore, the Seventh Circuit generally "stay[s] the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (citations omitted).

When all of the claims raised in a lawsuit are subject to arbitration, however, there is an exception to this general rule.  *Ineman,* 2015 WL 1399052, at *14-15 (citing *Green v. SuperShuttle Int'l., Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011)); *see also Felland v. Clifton,*

No. 10-cv-664-slc, 2013 WL 3778967, at *12 (W.D. Wis. July 18, 2013) (listing cases where the Seventh Circuit affirmed a dismissal of the matter pending arbitration, rather than requiring a stay).  In that event, a dismissal is appropriate because there is nothing "for the court to decide unless and until a party seeks confirmation of or challenges the arbitrators' award."  *Bryant v. Fulgham*, No. 12-C-823, 2012 WL 1802150, *7 (N.D. Ill. May 17, 2012).  Because all of the current claims here are subject to arbitration, there is nothing for this court to decide and the case will be dismissed, without prejudice to either party filing a new lawsuit to seek confirmation of or challenge the arbitrators' decision.

ORDER

IT IS ORDERED that:

1) defendant's motion to dismiss and to compel arbitration (dkt. #7) is GRANTED; and

2) the clerk of court is directed to close this case.

Entered this 17th day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge